

**U.S. Department of Justice**
Criminal Division
*Fraud Section*

---

October 22, 2019

Ryan M. Magee, Esq.
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza, One Speedwell Avenue
Morristown, NJ 07962-1981

**RECEIVED**
NOV 2 2 2019
AT 8:30____M
WILLIAM T. WALSH, CLERK

Re: **Plea Agreement with Kenneth Sun**

19 CR 438

Dear Mr. Magee:

This letter sets forth the plea agreement between your client, Kenneth Sun ("Sun"), and the Fraud Section, Criminal Division of the United States Department of Justice ("this Office").

### Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sun to Count One of the five-count Indictment. Count One charges Sun with conspiring to (i) defraud the United States and (ii) solicit, receive, offer, and pay remuneration, specifically, health care kickbacks and bribes, contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(B) and (b)(2)(B), all in violation of 18 U.S.C. § 371.

If Sun enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Sun for, from in or around 2012 through in or around 2016, conspiring to defraud the United States and to solicit, receive, offer, and pay health care kickbacks as related to the Indictment. In addition, if Sun fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the remaining counts in the Indictment, Crim. No. 19-438 (AET).

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Sun agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Sun may be commenced against him, notwithstanding the expiration of the limitations period after Sun signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 371 (Count One) to which Sun agrees to plead carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sun is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Sun ultimately will receive.

Further, in addition to imposing any other penalty on Sun, the sentencing judge (1) will order Sun to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Sun to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Sun, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Sun to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Sun be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sun may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution Agreement

In addition, Sun agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in the amount of $847,249.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Sun by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

### Stipulations

This Office and Sun agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Sun from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Sun waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Sun agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the conspiracy to defraud the United States and to solicit, receive, offer, and pay illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(B) and (b)(2)(B), in violation of 18 U.S.C. § 371, as charged in the Indictment. Sun further agrees that the value of such property is $143,549; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $143,549 (the "Money Judgment"). The defendant consents to the entry of an Order requiring the defendant to pay the Money Judgment and agrees that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Sun waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty

the Court may impose upon him in addition to forfeiture.

Sun further agrees that on or before the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Sun fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Sun has intentionally failed to disclose assets on his Financial Disclosure Statement, Sun agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Immigration and Other Collateral Consequences

Sun understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. The defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration or other collateral consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration or other collateral consequences of his guilty plea.

### Exclusion from the Medicare Program and Other Health Care Programs

Sun understands and acknowledges that as a result of this plea, he will be excluded from Medicare, Medicaid, and all federal health care programs. Sun agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

**Other Provisions**

This agreement is limited to this Office and the United States Attorney's Office for the District of New Jersey, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sun. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Sun.

No provision of this agreement shall preclude Sun from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Sun received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between Sun and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: for Rebecca Yuan
Trial Attorney

I have received this letter from my attorney, Ryan Magee. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 11/22/19
Kenneth Sun

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 11-22-19
Ryan Magee, Esq.

7

## Plea Agreement with Kenneth Sun

## Schedule A

This Office and Kenneth Sun recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Sun nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Sun within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Sun further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein.

1.  This Office and Sun agree to stipulate to the following facts:

    a.  From 2012 through 2016, in the District of New Jersey and elsewhere, Sun conspired with others to defraud the United States and to solicit, receive, offer, and pay kickbacks and bribes in connection with a federal health care program in violation of 18 U.S.C. § 371. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24(b). Medicare is also a "Federal health care program" as defined by 42 U.S.C. § 1320a-7b(f).

    b.  Sun is a doctor who was licensed to practice medicine in New Jersey and Pennsylvania until December 2016. Sun was a Medicare provider and submitted claims to Medicare. In April 2010 and September 2015, Sun falsely certified to Medicare that he would comply with all Medicare rules and regulations, including that he would not present or cause to be presented a false or fraudulent claim for payment by Medicare and that he would refrain from violating the federal anti-kickback statute.

    c.  Insys Therapeutics, Inc. ("Insys") is pharmaceutical company. In January 2012, the U.S. Food and Drug Administration ("FDA") approved Insys's application to sell and market a drug (hereinafter, "Subsys") to patients suffering from breakthrough cancer pain. Breakthrough cancer pain is a sudden, short-term increase in pain that may occur in patients who have chronic pain from cancer. Subsys is a potent opioid designed to rapidly enter a patient's bloodstream upon being sprayed under the tongue. Subsys contains fentanyl, which is a synthetic opioid pain reliever that has a high potential for abuse and is approximately 50 to 100 times more potent than morphine.

    d.  Due to the limited number of patients suffering from breakthrough cancer pain, Insys, by and through its officers, managers, and employees, designed and implemented an illegal kickback and bribery scheme to induce Sun and others to prescribe Subsys for pain caused by conditions other than breakthrough cancer pain.

8

    e. In order to conceal and disguise that kickbacks and bribes were being paid to induce Sun to prescribe Subsys, Insys falsely designated the payments to Sun as "honoraria" for purportedly providing educational presentations regarding Subsys ("Speaker Programs"). Sun's Insys Speaker Programs were a sham: they lacked the appropriate audience of licensed practitioners seeking educational information regarding Subsys; there was no presentation about Subsys; the same individuals attended over and over again; and/or Sun did not attend the Speaker Program at all.

    f. Sun solicited and received $143,549 in illegal kickbacks and bribes from Insys, including the following payments: a check in the amount of $2,200 on or about July 15, 2014; a check in the amount of $2,200 on or about January 12, 2015; a check in the amount of $2,200 on or about January 19, 2015; and check in the amount of $2,200 on or about May 11, 2015.

    g. In exchange for the kickbacks and bribes, Sun prescribed over 28 million micrograms of Subsys to patients, including patients for whom Subsys was medically unnecessary, not eligible for insurance reimbursement, not desired, and unsafe.

    h. Sun caused Medicare to pay $847,249 for Subsys prescriptions that were procured by the payment of kickbacks and bribes, medically unnecessary, and/or not eligible for Medicare reimbursement.

  2. The guideline that applies to the charge under Title 18, United States Code, Section 371, contained in Count One of the Indictment, is U.S.S.G. § 2B.4.1. Therefore, the base offense level is 8.

  3. Under Count One, the reasonable estimate of loss to Medicare is $847,249. The loss amount is therefore more than $550,000, but not more than $1,500,000, resulting in an increase of 14 levels. *See* U.S.S.G. §§ 2B4.1 and 2B1.1(b)(1)(H).

  4. Sun abused a position of public or private trust in that he used his position as an enrolled Medicare provider and licensed medical doctor in a manner that significantly facilitated the commission and concealment of the offense, and thus the offense level is increased by two levels. *See* U.S.S.G. § 3B1.3.

  5. Sun knew that victims of the offense were vulnerable victims in that some patients for whom Sun prescribed Subsys were suffering from non-cancer pain and seeking relief, had a history of alcohol abuse and suicide attempts, and became addicted to Subsys, and Sun should not have prescribed Subsys to these patients because it was medically unnecessary and unsafe, and thus the offense level is increased by two levels. *See* U.S.S.G. § 3A1.1(B)(1).

6.  Accordingly, the Guidelines offense level applicable to Count One is 26.

7.  As of the date of this letter, Sun has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Sun's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.  As of the date of this letter, Sun has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Sun's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Sun enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Sun's acceptance of responsibility has continued through the date of sentencing and Sun therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Sun's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.  The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. Sun knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and

to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.